IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH,
   *Plaintiff,*

v.

TRANSUNION, *et al.*
   *Defendants.*

Civil Action No.: ELH-15-02042

**MEMORANDUM**

Edmund Awah, who claims to be self-represented, filed suit in February 2015, in the District Court for Howard County, Maryland, against "TransUnion," "Equifax," and "Experian." ECF 2, Complaint (docketing date stamp partially illegible).[1] In sum, his handwritten complaint alleged that defendants "kept on reporting false or outdated information" as to his "Credit Report," although plaintiff provided defendants with "evidence" of the falsity of the information. *Id.* In an Amended Complaint dated June 23, 2015,[2] plaintiff asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") (ECF 9 ¶¶ 10-21, Amended Complaint) as well as claims for "gross negligence and fraud." *Id.* at 4-5.

---

[1] As noted in my Order of November 5, 2015 (ECF 33 at 1 n.1), there is a dramatic distinction in the quality and substance of the Complaint and Mr. Awah's subsequent submissions. The Court is concerned that plaintiff has been assisted by an attorney who has not complied with Local Rule 102.1(a)(ii), or was assisted by a person who is not authorized to practice law.

[2] According to the docketing date stamp, the District Court for Howard County docketed Mr. Awah's Amended Complaint on June 25, 2015. ECF 17-2 at 1, Amended Complaint.

On July 13, 2015, defendant Equifax Information Services LLC ("Equifax") removed the case to federal court, pursuant to 28 U.S.C. § 1331, alleging federal question jurisdiction.[3] ECF 1 ¶ 7, Notice of Removal. Defendant Experian Information Solutions, Inc. ("Experian") consented to Equifax's Notice of Removal.[4] *Id.* ¶ 10; ECF 12, Joinder in and Consent to Removal. According to Equifax, "Trans Union [sic] LLC . . . has not been served in this action." ECF 1 ¶ 10, Notice of Removal.

On July 23, 2015, Mr. Awah filed a "Motion in Opposition to Defendant's [sic] Notice of Removal," which I have construed as a Motion to Remand. ECF 17. Equifax and Experian oppose the Motion to Remand. ECF 20, Equifax Opposition; ECF 22, Experian Opposition. Mr. Awah has replied. ECF 29.

The Motion has been fully briefed, and no hearing is necessary to resolve it.[5] *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion to Remand.

**I. Factual and Procedural Background**

In February 2015, Mr. Awah filed suit in a Maryland court, using a form. ECF 2 at 1, Complaint. The form includes the following preprinted text: "Clerk: Please docket this case in an action of . . . . " *Id.* The section permits the plaintiff to check the following options: "contract," "tort," "replevin," "detinue" and "bad faith insurance claim." *Id.* Mr. Awah checked the "tort" box. *Id.*

---

[3] Equifax Information Services LLC submits that it is incorrectly identified in the Amended Complaint as "Equifax." ECF 1 at 1, Notice of Removal.

[4] Experian Information Solutions, Inc. submits that it is incorrectly identified in the Amended Complaint as "Experian." ECF 13 at 1, Motion to Dismiss.

[5] Experian and Equifax have also filed motions to dismiss. ECF 13 (Experian); ECF 30 (Equifax). Those motions are not addressed in this Memorandum.

Mr. Awah's handwritten complaint alleged in its entirety: "Defendants kept on reporting false or outdated information on Plaintiff's Credit Report despite the fact that Plaintiff has provided documents and evidence in support of the deletion of the false or outdated reports, to Defendants." ECF 2. He sought damages of $15,000 from each defendant. *Id.*

On or about June 23, 2015, Mr. Awah filed an Amended Complaint. ECF 9. He alleges that beginning in December 2013, he "noticed a number of errors and false representations on [his] Credit File held by Defendants." *Id.* ¶ 1. Mr. Awah also states: "From December 2013 through February 2015, Plaintiff filed at least 15 formal disputes with Defendants." *Id.* ¶ 2. Further, Mr. Awah maintains that he "raised Defendants' attention to the number of errors on Plaintiff's Credit File," *id.* ¶ 3; "requested that Defendants fully investigate the false information," *id.*; and "provided Defendants with all relevant information and necessary evidence to enable Defendants conduct [sic] a fair, thorough and balance [sic] investigation. . . ." *Id.* ¶ 4. Nevertheless, according to Mr. Awah, defendants failed to take appropriate action. *See id.* ¶¶ 8-9.

In particular, Mr. Awah alleges that he "requested Defendants to contact the creditors to provide strict proof of the Credit File entries and to produce the contract or other legal instrument that gave rise to the alleged debt." *Id.* ¶ 5. Mr. Awah also states: "Defendant's [sic] only response to Plaintiff's concerns was to inform Plaintiff that Defendants had contacted the creditors who had 'verified/validated' Plaintiff's Credit File entries." *Id.* ¶ 7. He maintains that defendants failed to conduct an "intensive investigation" "on the false information in Plaintiff's Credit File," *id.* ¶ 8, and to correct his credit report. *See id.* ¶ 9. As a result, Mr. Awah submits,

he suffered "significant damages" in being denied access to financing and housing as well as having to pay higher interest rates. *Id.* ¶ 16.

In the Amended Complaint, plaintiff alleges that Defendants' conduct constituted a "violation of the [FCRA]." *Id.* ¶ 8. Mr. Awah asserts: "Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff is entitled to maintain a private cause of action against Defendants for an award of compensatory and punitive damages for all violations of the FCRA which caused actual damages to Plaintiff, including but not limited to emotional distress and humiliation." *Id.* ¶ 17. Moreover, Mr. Awah claims that he is "entitled to recover damages from said Defendants for negligent non-compliance with the FCRA pursuant to 15 USC sec. 1681(o)." *Id.* ¶ 18. In addition, Mr. Awah contends: "Plaintiff is entitled to an award of punitive damages against Defendants for their willful non-compliance with the FCRA pursuant to 15 USC sec. 1681(n)(a)(2)."[6] *Id.* ¶ 19. In addition to a cause of action under the FCRA, Mr. Awah alleges that defendants' conduct constituted "gross negligence and fraud." *Id.* at 4-5. Mr. Awah now seeks "compensatory as well as punitive damages in the amount of $30,000 against each Defendant, plus Court costs, pre- and post-judgment interest and any other relief that the Court may find appropriate." *Id.* at 5.

As noted, in response to the Amended Complaint, Equifax, joined by Experian, removed the case to federal court on July 13, 2015. ECF 1; ECF 12. Now pending is plaintiff's request for a remand to State court.

---

[6] As Experian notes, "there is no section 1681(s)(2)(b) of the FCRA." ECF 22 at 2 n.1. Likewise, there is neither a § 1681(o) nor a § 1681(n) of the FCRA. I therefore assume that Mr. Awah intended to cite to §§ 1681n, 1681o, and 1681s.

### III. Discussion

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis . . . ." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005); *see Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)) ("[F]ederal courts are courts of limited jurisdiction, [and] should construe removal statutes narrowly, [with] any doubts ... resolved in favor of state court jurisdiction."). Of import here, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 548 (4th Cir. 2006). Section 1447(c) of 28 U.S.C. requires: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Defendants assert that the Court possesses subject matter jurisdiction based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331 & 1441(a)-(b). Section 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In turn, 28 U.S.C. § 1441(a) permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." When jurisdiction is based on a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, the case is removable without regard to the citizenship of the parties. *See* 28 U.S.C. §§ 1441(a)-

(b).⁷  As the Supreme Court has noted, "there is no serious debate that a federally created claim for relief is generally a sufficient condition for federal question jurisdiction," because in that case "federal law creates the right of action and provides the rules of decision." *Mims v. Arrow Fin. Servs., LLC,* ––– U.S. –––, 132 S.Ct. 740, 748 (2012) (internal citations and quotation marks omitted).

The "'presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998) (citation omitted). The "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant [generally] may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.'" *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 207 (2004) (internal citations omitted) (emphasis in original).

Under 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." But, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal." *Id.* at § 1446(b)(2)(C). With exceptions not relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or

---

⁷ Equifax and Experian do not assert that the Court possesses subject matter jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a).

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Mr. Awah, Equifax, and Experian agree that a suit brought under the FCRA raises a federal question that defendants may remove to federal court pursuant to 28 U.S.C. §§ 1331 & 1441(a)-(b). *See* ECF 17 ¶¶ 5-6, Motion to Remand; ECF 20 at 2, Equifax Opposition; ECF 22 at 2, Experian Opposition. Removal occurred on July 13, 2015, some 20 days after Mr. Awah amended his complaint on June 23, 2015 (ECF 9), but several months after suit was initiated in February 2015. The question is whether the removal was timely. The answer turns on whether Mr. Awah's original complaint (ECF 2) raised a federal question such that Equifax or Experian could have removed the case as initially filed.

Mr. Awah argues that Equifax's removal was untimely because Equifax failed to remove his original complaint. *See* ECF 17 ¶¶ 4, 7-9, Motion to Remand. Mr. Awah argues that the essence of his claim under the FCRA "was manifested at the time of the filing of the original Complaint in State Court" and that the Amended Complaint "simply extrapolated" the federal question that his original complaint advanced. *Id.* ¶ 6. Mr. Awah also asserts: "Maryland has no laws regulating credit reporting and therefore claims involving inaccurate reporting of credit reports cannot be prosecuted under Maryland laws." ECF 29 at 1. In addition, Mr. Awah submits that the FCRA preempts state law (*see id.* at 1-2) and argues that the facts alleged in his initial complaint must give rise to a cause of action that "was created by federal law." *Id.* at 2. Mr. Awah contends that, because the claims in his original complaint could only be brought under the FCRA, Equifax's removal was untimely. *See id.* at 2.

Defendants counter that Mr. Awah's claim under the FCRA was not apparent from the original complaint and that they had no notice that Mr. Awah was raising a federal question until Mr. Awah included a FCRA claim in his Amended Complaint. *See* ECF 20 at 2, Equifax Opposition; ECF 22 at 2, Experian Opposition. Therefore, Equifax and Experian contend that removal only became possible on June 23, 2015, and thus Equifax's Notice of Removal on July 13, 2015 (ECF 1) was timely. *See* ECF 20 at 2, Equifax Opposition; ECF 22 at 2, Experian Opposition.

As a preliminary matter, Mr. Awah's contention that Maryland law provides no cause of action for claims against credit reporting agencies "involving inaccurate reporting of credit reports" (ECF 29 at 1, Reply) is incorrect. The Maryland Consumer Credit Reporting Agencies Act (MCCRAA), Md. Code (2013 Repl. Vol.), §§ 14-1201, *et seq.*, provides a private cause of action that mirrors the relief available under the FCRA. The Fourth Circuit has explained, *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899-900 (4th Cir. 2003):

> The Fair Credit Reporting Act imposes civil liability on any "person" (which includes any corporation or other entity, 15 U.S.C. § 1681a(b)) who willfully, § 1681n, or negligently, § 1681o, fails to "comply with any requirement imposed" under the Act. *See* 15 U.S.C. §§ 1681n, o. The Maryland Credit Reporting Agencies Act contains virtually identical provisions. *See* Md. Code Ann., Com. Law §§ 14-1213(a), (b).

"Because the MCCRAA contains virtually identical provisions to the FCRA, the Fourth Circuit has addressed separate claims brought under both the MCCRAA and FCRA as one." *Alston v. Cent. Credit Servs., Inc.*, DKC-12-2711, 2013 WL 4543364, at *2 n.3 (D. Md. Aug. 26, 2013)

(citing *Ausherman*, 353 F.3d at 899-900); *see Allen v. CitiMortgage, Inc.*, CCB-10-2740, 2011 WL 3425665, at *10 n.8 (D. Md. Aug. 4, 2011).[8]

The claim that Mr. Awah articulated in his original complaint was patently insufficient to put defendants on notice that Mr. Awah's complaint implicated a federal question that could be removed to federal court. A defendant is not obligated to guess what claims the plaintiff sought to present.

As indicated, the "'presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet*, 522 U.S. at 475 (citation omitted); *see Ball v. Stylecraft Homes, LLC*, 564 F. App'x 720, 722-23 (4th Cir. 2014) (per curiam) ("Ball's complaint asserted only state-law claims for relief, notwithstanding any vague connection the underlying fact pattern may have to federal regulations or to interstate commerce.[] Therefore, the district court correctly concluded that it lacked subject matter jurisdiction and properly dismissed the action."). Mr. Awah's original complaint did not present a federal question on its face.

As discussed, Mr. Awah's original complaint alleged in its entirety: "Defendants kept on reporting false or outdated information on Plaintiff's Credit Report despite the fact that Plaintiff has provided documents and evidence in support of the deletion of the false or outdated reports, to Defendants." ECF 2 at 1. This threadbare allegation does not clearly articulate a cause of

---

[8] Mr. Awah contends that the FCRA poses questions of federal preemption. *See, e.g., Davenport v. Sallie Mae, Inc.*, PJM-12-1475, 2013 WL 4010983, at *4-5 (D. Md. Aug. 2, 2013) (discussing the FCRA's preemptive scope vis-à-vis Maryland state law). At this juncture, I need not resolve whether, as Mr. Awah contends, the FCRA preempts causes of action under Maryland state law that might be relevant to Mr. Awah's original complaint.

action, much less provide notice to defendants that Mr. Awah was raising a federal question that could be removed to federal court. Moreover, Mr. Awah identified his cause of action as a "tort." *Id.* State law typically governs common law causes of action, such as tort claims. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."). Presented as a state law "tort" claim, Mr. Awah's original complaint appeared on its face to be an action that was *not* removable to federal court.

To be sure, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). Yet, to require defendants to auger that Mr. Awah's original complaint raised a federal question capable of removal would be to impose on defendants a duty of clairvoyance.

In light of the foregoing, I find that this case did not become removable until Mr. Awah amended his complaint on June 23, 2015, and expressly advanced a claim under the FCRA. ECF 9. Pursuant to 28 U.S.C. § 1446(b)(3), Equifax timely filed a Notice of Removal within 30 days, *i.e.* on July 13, 2015. ECF 1.

## Conclusion

For the foregoing reasons, I will deny the Motion to Remand (ECF 17). A separate Order follows, consistent with this Memorandum.

Date: November 18, 2015

/s/
Ellen Lipton Hollander
United States District Judge