IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH,

    *Plaintiff,*

    v.

TRANSUNION, *et al.*

    *Defendants.*

Civil Action No.: ELH-15-02042

**MEMORANDUM OPINION**

Edmund Awah, who is self-represented, filed suit in February 2015, in the District Court for Howard County, Maryland, against "TransUnion," "Equifax," and "Experian."  ECF 2 at 1. He alleged in his handwritten Complaint that defendants "kept on reporting false or outdated information" as to his "Credit Report," even though plaintiff had provided defendants with "evidence" of the falsity of the information.  *Id.*  In an Amended Complaint dated June 23, 2015,[1] plaintiff asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") (ECF 9 ¶¶ 10-20), as well as claims for "gross negligence and fraud." *Id.* at 4-5.

On July 13, 2015, Equifax Information Services LLC ("Equifax") removed the case to federal court, pursuant to 28 U.S.C. § 1331.[2]  ECF 1 ¶ 7.  Experian Information Solutions, Inc.

---

[1] According to the docketing date stamp, the District Court for Howard County docketed plaintiff's Amended Complaint on June 25, 2015.  ECF 17-2 at 1.

[2] Equifax Information Services LLC submits that it is incorrectly identified in the Amended Complaint as "Equifax."  ECF 1 at 1.

("Experian")[3] consented to the removal.  *Id.* ¶ 10; ECF 12.  According to Equifax, "Trans Union [sic] LLC . . . has not been served in this action."  ECF 1 ¶ 10.

Experian filed a "Motion to Dismiss and Supporting Memorandum of Points and Authorities" (the "Experian Motion") on July 21, 2015.  ECF 13.  In response, Awah filed "Plaintiff's First Motion in Opposition to Defendants' [sic] Motion to Dismiss" (ECF 18) and "Plaintiff's Second Motion in Opposition to Defendants' [sic] Motion to Dismiss with Prejudice."  ECF 19 (collectively, "Opposition").[4]  Experian replied.  ECF 25.

On July 23, 2015, Awah filed "Plaintiff's Motion in Opposition to Defendant's Notice of Removal," which I construed as a Motion to Remand.  ECF 17 ("Motion to Remand").  Equifax and Experian opposed the Motion to Remand (ECF 20; ECF 22) and Awah replied.  ECF 29.

On November 5, 2015, Equifax filed a "Motion to Dismiss and Memorandum in Support" (the "Equifax Motion").  ECF 30.  Awah has not responded to the Equifax Motion and the time to do so has expired.  *See* Local Rule 105.2.

By Memorandum (ECF 34) and Order (ECF 35) of November 18, 2015, I denied the Motion to Remand (ECF 17).  Thereafter, plaintiff noted an appeal to the Fourth Circuit on December 14, 2015.  ECF 36.  In an unpublished opinion dated May 20, 2016 (ECF 39), the Fourth Circuit dismissed plaintiff's appeal.  The mandate issued on June 13, 2016.  ECF 41. Therefore, this Court may now consider the pending motions.

No hearing is necessary to resolve the pending motions.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Experian Motion (ECF 13) and deny the Equifax Motion

---

[3] Experian Information Solutions, Inc. submits that it is incorrectly identified in the Amended Complaint as "Experian."  ECF 13 at 1.

[4] By Order of September 1, 2015 (ECF 28), I denied plaintiff's request (ECF 27) for an extension of time in which to file a third submission as to the Experian Motion.  ECF 13.

(ECF 30) as untimely filed.  Nevertheless, I will dismiss the Amended Complaint (ECF 9) as to all defendants, with leave to file a second amended complaint.

## I.  Factual and Procedural Background

In February 2015, Awah filed suit against defendants in a Maryland court, using a form provided by the State court.  ECF 2 at 1.  Plaintiff's handwritten Complaint alleged in its entirety, *id.*: "Defendants kept on reporting false or outdated information on Plaintiff's Credit Report despite the fact that Plaintiff has provided documents and evidence in support of the deletion of the false or outdated reports, to Defendants."  He sought damages of $15,000 from each defendant.  *Id.*

On or about June 23, 2015, plaintiff filed a five-page Amended Complaint, adding a claim under the FCRA.  ECF 9.  He alleges that beginning in December 2013, plaintiff "noticed a number of errors and false representations on [his] Credit File held by Defendants."  *Id.* ¶ 1. Awah also states, *id.* ¶ 2: "From December 2013 through February 2015, Plaintiff filed at least 15 formal disputes with Defendants."  Further, Awah maintains that he "raised Defendants' attention to the number of errors on Plaintiff's Credit File," *id.* ¶ 3; "requested that Defendants fully investigate the false information," *id.*; and "provided Defendants with all relevant information and necessary evidence to enable Defendants conduct [sic] a fair, thorough and balance [sic] investigation. . . ."  *Id.* ¶ 4.  According to Awah, he sent a "litany of formal correspondences [sic] requesting a proper investigation and deletion of the false entries . . . ." (*id.* ¶ 9), yet defendants failed to take appropriate action.  *See id.* ¶¶ 8-9.

In particular, Awah alleges that he "requested Defendants to contact the creditors to provide strict proof of the Credit File entries and to produce the contract or other legal instrument

that gave rise to the alleged debt." *Id.* ¶ 5.  Plaintiff also states, *id.* ¶ 7: "Defendant's [sic] only response to Plaintiff's concerns was to inform Plaintiff that Defendants had contacted the creditors who had 'verified/validated' Plaintiff's Credit File entries."   He maintains that defendants failed to conduct an "intensive investigation" "on the false information in Plaintiff's Credit File," *id.* ¶ 8, and to correct his credit report.  *See id.* ¶ 9.  As a result, Awah contends that he suffered "significant damages" in being denied access to financing and housing as well as having to pay higher interest rates.  *Id.* ¶ 16.

In the Amended Complaint, plaintiff alleges that Defendants' conduct violated the FCRA.  *Id.* ¶ 8.  Awah asserts, *id.* ¶ 17: "Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff is entitled to maintain a private cause of action against Defendants for an award of compensatory and punitive damages for all violations of the FCRA which caused actual damages to Plaintiff, including but not limited to emotional distress and humiliation."   Moreover, Awah claims that he is "entitled to recover damages from said Defendants for negligent non-compliance with the FCRA pursuant to 15 USC sec. 1681(o)."  *Id.* ¶ 18.   In addition, Awah contends, *id.* ¶ 19: "Plaintiff is entitled to an award of punitive damages against Defendants for their willful non-compliance with the FCRA pursuant to 15 USC sec. 1681(n)(a)(2)."   In addition to a cause of action under the FCRA, Awah alleges that defendants' conduct constituted "gross negligence and fraud."   *Id.* at 4-5.   The Amended Complaint seeks "compensatory as well as punitive damages in the amount of $30,000 against each Defendant, plus Court costs, pre- and post-judgment interest and any other relief that the Court may find appropriate."   *Id.* at 5.

In response to the Amended Complaint, which added a claim under federal law, Equifax removed the case to federal court on July 13, 2015.  ECF 1; *see* ECF 12.  As discussed, on July

21, 2015, Experian filed its motion to dismiss.  ECF 13.  And, on November 5, 2015, nearly four months after Equifax removed the case to this Court, Equifax filed its motion to dismiss.  ECF 30.

In the interim, in a letter dated August 11, 2015, plaintiff wrote to the Court, stating: "It appears the summons issued in the State Court for TransUnion was not properly served at the right address."  ECF 26 at 1.  He "request[ed] this Court to re-issue summons . . . [for] . . . TransUnion, LLC."  *Id.*

By Order of November 5, 2015 (ECF 33), I advised plaintiff that, pursuant to the version of Fed. R. Civ. P. 4(m) and Local Rule 103.8.a that is applicable to this case,[5] "if a party demanding affirmative relief has not effected service of process within 120 days of filing the Complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed."  ECF 33 at 3.  The Docket does not reflect that "TransUnion" has ever been served.  *See* Docket.

### III.  Discussion

### A.  Fed. R. Civ. P. 12(b)(6)

Both the Experian Motion (ECF 13) and the Equifax Motion (ECF 30) are premised on Fed. R. Civ. P. 12(b)(6).

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6).  *Goines v. Valley Cmty. Servs. Bd.*, ____ F.3d ____, 2016 WL 2621262, at *3 (4th Cir. May 9, 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young,* ___ U.S. ___, 133 S.Ct. 1709 (2013); *Edwards v. City of Goldsboro*,

---

[5] Under an amendment that went into effect on December 1, 2015, the time has been reduced to 90 days.

178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint is insufficient if it provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).   Moreover, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*,'" or in other material that is the proper subject of consideration under Rule

12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citation omitted) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

### B. Experian's Motion to Dismiss

Experian maintains, ECF 13 at 3: "The amended complaint woefully fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. It simply contains, at best, mere conclusory statements and requires the parties and the Court to search the amended complaint for viable claims."  In particular, Experian contends that the "amended complaint does not put Experian on fair notice of which provisions of the FCRA Experian allegedly violated." *Id.* at 4.  Experian also submits that Awah has not alleged facts to support a claim for gross negligence or fraud under Maryland law. *Id.* at 9-10.

"Plaintiff's First Motion in Opposition to Defendants' Motion to Dismiss" (ECF 18) advances arguments in support of plaintiff's Motion to Remand (ECF 17).[6] "Plaintiff's Second Motion in Opposition to Defendants' Motion to Dismiss with Prejudice" (ECF 19) avers, *id.* ¶ 14: "Defendants' [sic] arguments come nowhere near even the remote justification for the rather drastic action as dismissal with prejudice."  According to plaintiff, the Amended Complaint (ECF 9) states a valid claim pursuant to the FCRA.  *See id.* ¶¶ 5-10.  In particular, plaintiff contends that "the four elements with regards to negligent violation of Section 1681(e)(b)[7] were

---

[6] Experian avers, ECF 25 at 1 n.1: "The certificate of service to the First Opposition states that it was mailed on July 19, 2015 to Experian's counsel. This is incorrect. The First Opposition was enclosed in an envelope bearing a July 27, 2015 postmark. *See* Exhibit 1 [(ECF 25-1)], attached hereto. This postmark date is consistent with the First Opposition having been filed on July 30, 2015."

[7] The correct citation is 15 U.S.C. § 1681e(b), not § 1681(e)(b).  Section 1681e(b) provides, *id.*:

clearly established in Plaintiff's Amended Complaint." *Id.* ¶ 6. Plaintiff also avers, *id.* ¶ 12:

"The grounds for the [c]laim of fraud against Defendants were well articulated." In addition,

Awah contends that "Defendants were grossly negligent." *Id.* ¶ 11. In this regard, plaintiff

submits, *id.*: "Plaintiff has already established that Defendants['] conduct in failing to investigate

and rectify the errors and inaccuracies in Plaintiff's Credit Report after repeated formal

communications, was a wanton, reckless and willful disregard to the consumer rights of the

Plaintiff."

The Fourth Circuit has explained, *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010):

> The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry. 15 U.S.C. § 1681(a). Congress recognized both the "vital role" of [Credit Reporting Agencies ([]CRAs[)] and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* CRAs provide a critical economic service by collecting and transmitting consumer credit information. *See Cushman v. Trans Union Corp.,* 115 F.3d 220, 223 (3d Cir. 1997). But CRAs can make mistakes by reporting inaccurate credit information. *See id.* These errors are detrimental to the consumer, the creditor, and the economy as a whole. *See id.*
>
> Accordingly, Congress determined that while CRAs must be allowed to perform their function, a regulatory framework was necessary to prevent errors in

---

(b) Accuracy of report
Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

It is unclear as to which "four elements" (ECF 19 ¶ 6) of this provision plaintiff refers. I assume that plaintiff refers to the "four elements" of "a negligent violation of § 1681(e)(b) [sic]" that the Experian Motion discusses. ECF 13 at 4 n.4.

In any event, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Mylan Laboratories, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

credit reporting and remedy those that do occur. In 1970, Congress accommodated both of these interests by enacting the FCRA, a "comprehensive series of restrictions on the disclosure and use of credit information assembled by consumer reporting agencies." *FTC v. Manager, Retail Credit Co.,* 515 F.2d 988, 989 (D.C. Cir. 1975). The FCRA "has been drawn with extreme care, reflecting the tug of the competing interests," and courts must respect the balance struck by Congress when interpreting its provisions. *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002).

According to Experian, the Amended Complaint does not specify defendants' alleged misconduct, nor does it set forth how defendants supposedly violated the FCRA.[8] *See* ECF 13 at 3-4. In granting a motion to dismiss a complaint brought by a self-represented plaintiff pursuant, *inter alia,* to the FCRA, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield,* 184 F.R.D. 553, 555 (D. Md. 1999) (quoting *Charles A. Wright & Arthur R. Miller,* 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id* . (citing *Anderson v. Univ. of Md. Sch. of Law,* 130 F.R.D. 616, 617 (D. Md. 1989), aff'd, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley,* No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

The Amended Complaint purports to advance a claim as to three portions of the FCRA. It states, ECF 9 ¶ 17: "Pursuant to 15 USC sec. 1681(s)(2)(b), Plaintiff is entitled to maintain a

---

[8] Experian also hypothesizes that plaintiff may be bringing a "'Reasonable Procedures Claim'" or a "'Reinvestigation Claim.'" ECF 13 at 4; *see id.* 4-7. As I find that the Amended Complaint fails to state a claim, I need not consider Experian's responses to claims that plaintiff could possibly advance.

private cause of action against Defendants for an award of compensatory and punitive damages for all violations of the FCRA which caused actual damages to Plaintiff, including but not limited to emotional distress and humiliation[.]"  Moreover, Awah contends that he is "entitled to recover damages from said Defendants for negligent non-compliance with the FCRA pursuant to 15 USC sec. 1681(o)."  *Id.* ¶ 18.  In addition, Awah avers, *id.* ¶ 19: "Plaintiff is entitled to an award of punitive damages against Defendants for their willful non-compliance with the FCRA pursuant to 15 USC sec. 1681(n)(a)(2)."

As Experian notes, "there is no section 1681(s)(2)(b) of the FCRA."  ECF 22 at 2 n.1. Likewise, there is neither a § 1681(o) nor a § 1681(n) of the FCRA.[9]  Therefore, I assume that the Amended Complaint refers to §§ 1681n, 1681o, and 1681s.

Preliminarily, I agree with Experian (*see* ECF 13 at 3-4) that § 1681s-2(b) of the FCRA appears to be inapplicable here.  Section 1681s-2(b)(1) provides:

> (b) Duties of furnishers of information upon notice of dispute
>
>> (1) In general
>>
>> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>>
>>> (A) conduct an investigation with respect to the disputed information;
>>>
>>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

---

[9] Experian references "Sections 1681(o) and 1681(n)(a)(2) of the FCRA."  ECF 13 at 4. However, the form of these citations is also incorrect.

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i)      modify that item of information;

    (ii)     delete that item of information; or

    (iii)    permanently block the reporting of that item of information.

Thus, § 1681s-2(b)(1) imposes duties on the "furnishers of information" from which CRAs develop credit reports. The Amended Complaint, however, identifies the defendants as CRAs, not as the "furnishers of information" who provide financial information to CRAs. ECF 9 ¶ 10 ("Defendants qualified as repositories of Consumer Credit Information under the FCRA . . . ."); *see id.* ¶¶ 9-10. Accordingly, it is unclear how § 1681s-2 is germane to the Amended Complaint.

Plaintiff's references to §§ 1681n and 1681o also do not explain how defendants allegedly violated the FCRA. Section § 1681n(a) provides:

(a) In general

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

> (2) such amount of punitive damages as the court may allow; and

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Section 1681o(a) states:

(a) In general

Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

> (1) any actual damages sustained by the consumer as a result of the failure; and

> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Sections 1681n and 1681o thus permit causes of action for willful or negligent violations of "any requirement imposed under this subchapter."  Yet, they do not themselves impose substantive requirements on CRAs.  Accordingly, the Amended Complaint's reference to these provisions does not adequately alert Experian as to plaintiff's specific allegations.[10]

---

[10]  To be sure, a self-represented party's submissions must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, the Court does not expect a self-

Moreover, the crux of the Amended Complaint is that plaintiff complained to defendants about supposedly false information in his credit report and that defendants failed to remove the incorrect information.  *See* ECF 9 ¶¶ 2-9.  Yet, the Amended Complaint is virtually devoid of specific factual allegations.   Plaintiff merely avers that he sent a "litany of formal correspondences [sic] requesting a proper investigation and deletion of the false entries . . . ." *Id.* ¶ 9.  For example, although plaintiff contends that he "filed at least 15 formal disputes with Defendants" from "December 2013 through February 2015" (*id.* ¶ 2), he does not specify when or to whom he allegedly complained.  Similarly, the Amended Complaint does not identify what specific information in plaintiff's credit report was supposedly inaccurate.  *See, e.g., id.* ¶ 12 (alleging simply that defendants "ma[de] a derogatory entry from a fictitious Creditor, whose identity and contact information was unknown.").

In my view, the Amended Complaint's bald accusations are insufficient to put Experian on fair notice as to the specific factual allegations that underpin plaintiff's FCRA claim.  *See Twombly*, 550 U.S. at 555.  Moreover, plaintiff's failure to identify how Experian supposedly violated the FCRA unfairly requires Experian to hunt through the Amended Complaint to identify a viable claim.  *See Jackson*, 2014 WL 794360, at *1.  Accordingly, plaintiff's FCRA claim as to Experian must be dismissed.

The Amended Complaint also fails to allege adequately a claim for "gross negligence and fraud."  ECF 9 at 4.

---

represented party to cite to legal authorities with the same precision that it does of an attorney. Nevertheless, where, as here, a plaintiff cites to legal authorities that appear inapplicable or contain no specific basis for a claim, these citations do not assist in informing the defendants of the substance of the claim.

In Maryland, "[g]ross negligence has been equated with 'wilful and wanton misconduct,' a 'wanton or reckless disregard for human life or the rights of others.'" *Foor v. Juvenile Servs. Admin.*, 78 Md. App. 151, 175, 552 A.2d 947, 956 (1989) (citations omitted). *See Romanesk v. Rose,* 248 Md. 420, 423, 237 A.2d 12, 14 (1968) ("'a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist'") (citation omitted); *McCoy v. Hatmaker*, 135 Md. App. 693, 713, 763 A.2d 1233, 1244 (2000) ("As judges . . . we cannot equate a well—intended error in medical judgment—even if it costs the patient's life—with wanton and reckless disregard for the life of that patient."), *cert. denied*, 364 Md. 141, 771 A.2d 1070 (2001); *Wells v. State,* 100 Md. App. 693, 702–03, 642 A.2d 879, 883–84 (1994) (stating that gross negligence "implies malice and evil intention") (citations and quotations omitted).

The Amended Complaint is devoid of allegations that Experian behaved with "a 'wanton or reckless disregard for human life or the rights of others.'" *Foor*, 78 Md. App. at 175, 552 A.2d at 956 (citations omitted).  To the contrary, plaintiff's general allegations are simply that Experian failed to respond adequately to his complaints about incorrect information in his credit report.  *See* ECF 9 ¶¶ 2-9.  Indeed, plaintiff maintains that "Defendant's [sic] . . . inform[ed] Plaintiff that Defendants had contacted the creditors who had 'verified/validated' Plaintiff's Credit File entries."  *Id.* ¶ 7.  Experian's receipt of plaintiff's complaints, followed by its contact with plaintiff's creditors as to the concerns, and its response to plaintiff, can hardly be classified as wanton or reckless behavior.  Accordingly, the Amended Complaint fails to state a claim for "gross negligence."  *Id.* at 4.

Plaintiff's claim for "fraud" is equally problematic.  As a preliminary matter, claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard of Fed. R. Civ. P. 9(b).  *See, e.g., E–Shops Corp. v. U.S. Bank N.A.,* 678 F.3d 659, 665 (8th Cir. 2012) ("Rule 9(b)'s heightened pleading requirement also applies to statutory fraud claims."); *see also Spaulding v. Wells Fargo Bank, N.A.,* 714 F.3d 769, 781 (4th Cir. 2013) (stating that a Maryland Consumer Protection Act claim that "sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)").

Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Under the rule, a plaintiff alleging claims that sound in fraud "'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.,* 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted).  In other words, "'Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'"  *Crest Construction II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011) (citation omitted).

Under Maryland law, "'[f]raud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement.'"  *Sass v. Andrew,* 152 Md. App. 406, 432, 832 A.2d 247, 261 (2003) (citation omitted). Regardless of the particular theory, at trial the plaintiff must establish the elements of fraud "by clear and convincing evidence." *Md. Envir. Trust v. Gaynor,* 370 Md. 89, 97, 803 A.2d 512, 516 (2002).

In an action for fraudulent misrepresentation (which is the garden variety of fraud and often is described simply as "fraud"), the plaintiff ordinarily must show:

1) that the defendant made a false representation to the plaintiff;

2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth;

3) that the misrepresentation was made for the purpose of defrauding the plaintiff;

4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and

5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Nails v. S & R, Inc.,* 334 Md. 398, 415, 639 A.2d 660, 668 (1994); *accord Thomas v. Nadel,* 427 Md. 441, 451 n. 18, 48 A.3d 276, 282 n. 18 (2012); *Sass,* 152 Md. App. at 429, 832 A.2d at 260.

To be actionable, a false representation "must be of a material fact." *Gross v. Sussex, Inc.,* 332 Md. 247, 258, 630 A.2d 1156, 1161 (1993). "A 'material' fact is one on which a reasonable person would rely in making a decision," *Sass,* 152 Md. App. at 430, 832 A.2d at 260, or a fact that "'the maker of the misrepresentation knows . . . [the] recipient is likely to regard . . . as important.'" *Gross,* 332 Md. at 258, 630 A.2d at 1161 (citation omitted). The "misrepresentation must be made with the deliberate intent to deceive," *Sass,* 152 Md. App. at 430, 832 A.2d at 260 (citing *VF Corp. v. Wrexham Aviation Corp.,* 350 Md. 693, 704, 715 A.2d 188 (1998)), and the defendant must "know[ ] that his representation is false" or be "recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity." *Ellerin v. Fairfax Savings, F.S.B.,* 337 Md. 216, 232, 652 A.2d 1117 (1995).

Here, even assuming that Experian reported false information about plaintiff in a credit report, the Amended Complaint contains no allegation that Experian knew that it was reporting incorrect information.  To the contrary, as discussed, the Amended Complaint alleges that "Defendant's [sic] . . . inform[ed] Plaintiff that Defendants had contacted the creditors who had 'verified/validated' Plaintiff's Credit File entries."  ECF 9 ¶ 7.  Plaintiff's own allegations suggest that Experian believed that the supposedly incorrect information that it reported was, in fact, accurate.

In sum, the Amended Complaint simply advances the conclusory assertion that Experian refused to correct information contained in plaintiff's credit report.  It is virtually devoid of any description of the "time, place, and contents of the false representations . . . ." *First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d at 731.  Accordingly, plaintiff fails to satisfy the heightened pleading standard of Rule 9.

In light of the foregoing, plaintiff fails to state a claim for fraud under Maryland law. Accordingly, plaintiff's claims as to Experian must be dismissed.

### C.  Equifax's Motion to Dismiss

As discussed, on July 13, 2015, Equifax removed this case to federal court.  ECF 1.  Yet, Equifax did not file a responsive pleading to the Amended Complaint until November 5, 2015, when it moved to dismiss.  ECF 30.[11]  The Equifax Motion is substantially similar to, and incorporates by reference, the Experian Motion (ECF 13).  ECF 30 at 1.

Fed. R. Civ. P. 81 pertains to the procedure for actions removed to federal court.  Rule 81(c)(2) provides, in relevant part (emphasis added):

---

[11] Equifax states in the Notice of Removal, ECF 1 ¶ 4: "Plaintiff served the Motion For Leave [to Amend Complaint] with the Amended Complaint on June 23, 2015."

After removal, repleading is unnecessary unless the court orders it. *A defendant who did not answer before removal must answer or present other defenses or objections under these rules* within the longest of these periods:

> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

> (C) 7 days after the notice of removal is filed.

The Equifax Motion (ECF 30) does not explain why Equifax waited nearly four months after it removed the case to move to dismiss. Although I noted the untimeliness of the Equifax Motion (ECF 30) in my Order of November 5, 2015 (ECF 33 at 2), Equifax did not move for relief under Fed. R. Civ. P. 6(b)(1)(B),[12] nor did it otherwise attempt to explain the delay. *See* Docket. Equifax's failure timely to file its Motion to Dismiss (ECF 30) is particularly puzzling because Equifax not only removed the case, but also filed, on August 6, 2015, "Equifax Information Services LLC's Response to Plaintiff's Motion in Opposition to Defendant's Notice of Removal" (ECF 20). As Equifax has offered no explanation for the untimely submission of its Motion to Dismiss (ECF 30), I will deny it as untimely.[13]

---

[12] Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the district court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable is "at bottom an equitable [inquiry], taking account of all relevant circumstances," including: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Fernandes v. Craine*, 538 F. App'x 274 (4th Cir. 2013).

[13] I note that Experian filed its motion to dismiss (ECF 13) on July 21, 2015—eight days after Equifax filed the Notice of Removal (ECF 1). *See* Fed. R. Civ. P. 6(a)(1). In a footnote to its motion to dismiss, Experian avers, ECF 13 at 1 n. 1: "[I]f the pleadings have closed, Experian

Nevertheless, the district court may dismiss a complaint, *sua sponte*, for failure to state a claim. *See Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 655 n. 10 (4th Cir. 2006) ("[A] district court may sua sponte dismiss a complaint for failure to state a claim . . . .  Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (2d ed. 1990)); *see also Taylor v. Acxiom Corp.,* 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss sua sponte some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Clinton Cmty. Hosp. Corp. v. S. Md. Med. Ctr.,* 374 F. Supp. 450, 453–54 (D. Md. 1974) (dismissing claim as to all defendants where arguments made by one defendant for dismissal "apply equally to the [other] defendants . . . [and] have been exhaustively discussed by the plaintiff").

In my view, the arguments advanced in the Experian Motion (ECF 13) apply equally to all three defendants.  Accordingly, the Amended Complaint (ECF 9) must be dismissed as to Equifax and "TransUnion" for failure to state a claim.

---

moves for judgment on the pleadings under Federal Rules [sic] of Civil Procedure 12(c)."  It thus appears that Experian is uncertain whether its motion to dismiss (ECF 13) was timely filed.

From the record, it is not apparent when plaintiff served Experian.  Accordingly, it is difficult to determine when Experian's deadline to file a motion to dismiss expired pursuant to Fed. R. Civ. P. 81(c)(2).  However, even assuming that the Experian Motion (ECF 13) was untimely by one day, I decline to construe it as a motion for judgment on the pleadings.  Plaintiff has not objected to the timeliness of Experian's submissions.  It is also difficult to fathom what prejudice could have accrued to plaintiff, who filed two submissions (ECF 18; ECF 19) in response to the Experian Motion (ECF 13).

### III. Conclusion

In sum, plaintiff's Amended Complaint (ECF 9) fails to state a claim as to defendants for violation of the FCRA and for "gross negligence and fraud." *Id.* at 4.   Accordingly, the Amended Complaint (ECF 9) must be dismissed.   However, I will grant plaintiff one additional opportunity to file an amended complaint.

A separate Order follows, consistent with this Memorandum Opinion.


Date:  June 13, 2016                                   _____/s/_____
                                                                        Ellen Lipton Hollander
                                                                        United States District Judge